IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Steven C. DAVIS, Attorney at Law.

Supreme Court

*No. 93–1536–D. Filed December 6, 1993.*

(Also reported in 508 N.W.2d 390.)

PER CURIAM.    *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Steven C. Davis to practice law in Wisconsin be suspended for one year as discipline for professional misconduct. That misconduct consisted of his having failed to act with reasonable diligence and promptness in representing a client in a child custody proceeding, failing to respond to that client's reasonable requests for information concerning the matter,

43

misrepresenting to the client actions he had taken in the matter and failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board) into that client's grievance as well as his failure to cooperate with the Board's investigation of five other client grievances. As to the latter, because of Attorney Davis' failure to respond to Board requests for information, the Board was unable to ascertain the extent of harm caused to those clients by the misconduct alleged in the clients' grievances.

We determine that the recommended one year license suspension is appropriate discipline to impose for Attorney Davis' misconduct. He has twice previously been reprimanded for neglect of client matters and in the instant proceeding, although he appeared at the initial scheduling conference, at which he requested and received a 10-day extension of time to file an answer to the Board's complaint, he did not appear at subsequently scheduled proceedings. The pattern of neglect of client matters Attorney Davis has established over the past several years and his refusal to cooperate in the court's disciplinary procedure warrant the one-year license suspension recommended by the referee.

Attorney Davis was admitted to practice law in Wisconsin in 1979 and practices in Milwaukee. In 1986 the Board privately reprimanded him for neglect of a client's two legal matters; in 1989 the Board publicly reprimanded him for neglect of a legal matter. When Attorney Davis ceased to participate in this proceeding, the referee, Attorney Rose Marie Baron, treated the matter as a default and made findings of fact consistent with the allegations of the Board's complaint.

In a post-divorce child custody proceeding in 1991, Attorney Davis failed to prepare and serve a petition on

the client's former spouse and failed to schedule a hearing in the child custody matter from October, 1991 through February 28, 1992, when the client filed a grievance with the Board. Attorney Davis did not return numerous telephone calls from the client over a two-month period inquiring into the status of the matter. Thereafter, he told his client that the custody papers had been served in early November, 1991 and that he had scheduled a court date for February 28, 1992, although he knew that those representations were untrue. When the Board sought a response to the client's grievance, Attorney Davis did not respond to two letters from the Board and did not attend two scheduled investigative meetings on the matter. The referee also found that Attorney Davis did not respond to requests from the Board for information on five other client grievances concerning Attorney Davis' legal representation.

The referee concluded that Attorney Davis failed to act with reasonable diligence and promptness in representing his client in the matter, in violation of SCR 20:1.3,[1] failed to keep the client reasonably informed as to the status of the matter and comply with reasonable requests for information about it from the client, in violation of SCR 20:1.4,[2] engaged in conduct involving dishonesty, deceit or misrepresentation, in violation of

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

SCR 20:8.4(c),[3] and failed to cooperate in the Board's investigation, in violation of SCR 21.03(4)[4] and 22.07(2).[5] The referee also concluded that his failure to respond to Board requests for information concerning the five other grievances violated SCR 21.03(4) and 22.07(2).

As discipline for that misconduct, the referee recommended, in addition to the one-year license suspension, that reinstatement of Attorney Davis' license to practice law be conditioned upon his having cooperated with the Board's investigation into the five client grievances as to which he has not responded.

---

[3] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[4] SCR 21.03 provides:

**General principles.**

. . .

(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides:

**Investigation.**

. . .

(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts. and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended discipline is the appropriate response to the seriousness and repetitive nature of Attorney Davis' professional misconduct.

IT IS ORDERED that the license of Steven C. Davis to practice law in Wisconsin is suspended for a period of one year, commencing January 17, 1994.

IT IS FURTHER ORDERED that the reinstatement of the license of Steven C. Davis to practice law in Wisconsin shall be conditioned upon his having cooperated in the investigation of the Board of Attorneys Professional Responsibility into the grievances to which he has failed to respond.

IT IS FURTHER ORDERED that within 60 days of the date of this order Steven C. Davis pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Steven C. Davis to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Steven C. Davis comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.