IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Steven C. DAVIS, Attorney at Law.

Supreme Court

*No. 94–3439–D. Filed June 7, 1995.*

(Also reported in 532 N.W.2d 713.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that the license of Steven C. Davis to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of his failure to provide representation to a client assigned to him for postconviction matters by the State Public Defender, failing to respond to inquiries from the client and others on his behalf or otherwise communicate with the client regarding the status of the postconviction matters and failing to notify his client of the suspension of his license to practice law as discipline for professional misconduct and his consequent ineligibility to continue the representation.

We determine that the recommended license suspension is appropriate discipline to impose for Attorney Davis's professional misconduct in this matter. By that conduct, he has again shown a propensity to ignore client legal matters and requests from his clients for information regarding the representation he had undertaken to provide them. The matter considered in this proceeding is similar to that which led to the imposition of discipline on him on four prior occasions.

Attorney Davis was admitted to practice law in Wisconsin in 1979 and practiced in the Milwaukee area. In 1986, the Board of Attorneys Professional Responsibility (Board) privately reprimanded him for failing to perform any substantial work on a client's two legal matters and failing to respond to numerous calls from that client regarding the status of those matters. In 1989, the Board publicly reprimanded him for failing to prepare and file a divorce petition for more than two years, failing to respond to client requests for information concerning the status of that matter, misrepresenting to the client that he had filed the petition

and that hearings had been scheduled, failing to file a brief in an appeal and failing to respond timely to Board requests for information regarding those matters.

The court suspended Attorney Davis's license to practice law for one year, effective January 17, 1994, as discipline for his failure to act with reasonable diligence and promptness in representing a client in a child custody proceeding, failing to respond to that client's reasonable requests for information concerning the matter, misrepresenting to the client actions he claimed to have taken in the matter and failing to cooperate with the Board's investigation into that client's grievance and five other grievances. *Disciplinary Proceedings Against Davis,* 180 Wis. 2d 43, 508 N.W.2d 390 (1993). The Board again privately reprimanded him in August, 1994, for failing to respond to its inquiries concerning a client grievance. Attorney Davis has not sought reinstatement of his license from that suspension and, consequently, his license to practice law remains suspended.

Attorney Davis did not answer or otherwise respond to the Board's complaint alleging professional misconduct in this proceeding. He also did not respond to written notices from the clerk of this court and orders of the referee requiring his answer to the complaint. When he did not respond to notification of or attend the hearing in the matter, the referee, Attorney Michael Ash, granted the Board's motion for default judgment and made findings of fact accordingly.

In March, 1993 the State Public Defender appointed Attorney Davis to represent in postconviction matters a man convicted of multiple felonies and sentenced to 105 years' incarceration. In February, 1994 the client filed a grievance with the Board alleg-

ing that he had tried on a number of occasions to reach Attorney Davis concerning the status of his postconviction matter and had received no response and that members of his family had telephoned or written to Attorney Davis numerous times and were told that he was busy and would return the calls but he did not respond to their communications.

During the investigation of the grievance, Attorney Davis admitted to the district committee investigator that he performed no work on the appeal of his client's conviction and never met with the client, wrote to him or otherwise responded to his inquiries. He specifically admitted receiving a letter from the client asking for a status report in February, 1994 but did not respond to it. Following the suspension of his license on January 17, 1994, Attorney Davis did not notify his client of the suspension and of the fact that he could no longer represent him.

On the basis of those facts, the referee concluded that Attorney Davis's acceptance of responsibility for representing the client but failure to do anything on his behalf constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3;[1] his failure to respond to inquiries from the client and his family or otherwise communicate with the client constituted a failure to keep a client reasonably informed of the status of a matter and comply promptly with reasonable requests for information, in violation of SCR 20:1.4(a);[2] his failure to notify the client of his license suspension and his consequent ineligibility to

---

[1] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides, in pertinent part:

act as his attorney following the effective date of that suspension was a violation of SCR 22.26(1)(a)1.[3]

We adopt the referee's findings of fact and conclusions of law and accept the recommendation of discipline for Attorney Davis's misconduct. In recommending a six-month license suspension, the referee emphasized that the misconduct occurred during a period of time during which the prior disciplinary proceeding was pending, a proceeding that addressed, among other things, Attorney Davis's pattern of neglect of client matters over several years.

IT IS ORDERED that the license of Steven C. Davis to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Steven C. Davis pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Steven C. Davis to practice law in Wisconsin shall remain suspended until further order of the court.

---

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 22.26 provides, in pertinent part: .

**Activities on revocation or suspension of license.**

(1)(a) A disbarred or suspended attorney on or before the effective date of disbarment or suspension shall:

1. Notify, by certified mail, all clients being represented in pending matters of the disbarment or suspension and consequent inability to act as an attorney after the effective date of the disbarment or suspension.

IT IS FURTHER ORDERED that Steven C. Davis comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.